IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| PATRICK KEITH HIRT,<br><br>              Plaintiff,<br><br>     vs.<br><br>SAM LAW, et. al., individually<br>and in their official capacities,<br><br>              Defendants. | Cause No.  CV 09-00106-GF-SEH-RKS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED STATES<br>MAGISTRATE JUDGE TO DISMISS<br>COMPLAINT |

This matter comes before the Court on Plaintiff Patrick Keith

Hirt's Motion to Proceed in Forma Pauperis (Court's Doc. 1) and

proposed Complaint alleging a denial of access to the courts.  (Court's

Doc. 2).

I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statements

sufficient to make the showing required by 28 U.S.C. §1915(a).

Accordingly, the request to proceed in forma pauperis will be granted.

28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee for this action of $350.00. Plaintiff submitted account statements showing average monthly deposits of $111.16 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $22.23 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's account and forward it to the Clerk of Court.

Thereafter, Plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT  CV 09-00106-GF-SEH-RKS / PAGE 2

Plaintiff's Complaint shall be deemed filed as of the date the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF THE CASE

### A.    Parties

Plaintiff is prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana.

Plaintiff names the following as Defendants: Sam Law, Mike Mahoney, Mike Ferriter, Crossroads Correctional Center, Corrections Corporation of America, Toole County Library Board of Directors, Heidi Alford, Linda O'Conner, K. Kenyon, B. Sherrard, Cindy Clark, and Teddy J. Ward.

### B.    Allegations

In December 2003, Plaintiff plead guilty to sexual assault.  The

Court required Plaintiff to undergo a clinical forensic risk assessment (CFRA) prior to sentencing.  Plaintiff questions the scientific validity of the two CFRAs which were done.  Plaintiff was sentenced May 11, 2004.  His direct appeal was decided November 15, 2004.  On October 26, 2007, his petition for post-conviction relief was denied and his appeal of that denial was upheld by the Montana Supreme Court on April 9, 2009.  Plaintiff filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the Missoula Division of this Court on June 10, 2009.

Plaintiff alleges that Defendants denial of access to secondary source psychological legal research materials while he has been incarcerated unconstitutionally impeded and currently obstructs his ability to prepare objective meaningful legal documents, amounts to a denial of adequate legal research facilities, and violates his right to meaningful access to courts pursuant to the First and Fourteenth Amendments to the United States Constitution.

III.  PRESCREENING

A.  Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his

Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . .  (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a

complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations.  Iqbal, 129 S.Ct. at 1950.  "When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d

1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

B.  Analysis

Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  The right, however, "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57.

The scope of the right of access to the courts is quite limited. Prisoners need only have "the minimal help necessary" to file legal claims.  Lewis, 518 U.S. at 360.  The Constitution does not even

mandate "that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts."  Id.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  See Lewis, 518 U.S. at 349.  An "actual injury" is an "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis, 518 U.S. at 348.

Plaintiff's claim fails as a matter of law.  He has admittedly raised his CFRA testing claims in his post-conviction evidentiary hearing, in his petition for extraordinary relief with the Montana Supreme Court, in his post-conviction appeal brief, and finally in his federal Petition for Writ of Habeas Corpus.  Clearly Plaintiff has had the capability to raise his claims–all that is required under the Constitution.  Plaintiff cannot establish an actual injury in that he

cannot show he has been unable to file his claims.  He admittedly has been able to do so.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a claim upon which relief may be granted.  His Complaint is without merit.  The defects set forth above could not be cured by the allegation of other facts.   As such, this matter should be dismissed.

### A.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Plaintiff fails to state a claim upon which relief may be granted.

### B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be

> financially unable to obtain an adequate defense in a
> criminal case, may proceed on appeal in forma pauperis
> without further authorization, unless:
> (A) the district court-before or after the notice of appeal is
> filed-certifies that the appeal is not taken in good faith or
> finds that the party is not otherwise entitled to proceed in
> forma pauperis and states in writing its reasons for the
> certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it

is not taken in good faith."  The good faith standard is an objective one.

See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff

satisfies the "good faith" requirement if he or she seeks review of any

issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th

Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section

1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225

(9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court

need only find that a reasonable person could suppose that the appeal

has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT  CV 09-00106-GF-SEH-RKS / PAGE 12

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

C. Address Changes

At all times during the pendency of these actions, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

ORDER

1.  Plaintiff's Motion to Proceed in Forma Pauperis (Court's Doc. 1) is GRANTED.  Plaintiff is assessed a partial filing fee of $22.23.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Court's Doc. 2) to remove the word "LODGED" and the Complaint is DEEMED FILED on October 28, 2009.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The

record makes plain the instant Complaint is frivolous as it lacks

arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file

written objections to these Findings and Recommendations within ten

(10) business days of the date entered as indicated on the Notice of

Electronic Filing.  Any such filing should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those

portions of the Findings and Recommendations to which objection is

made.  The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge and

may waive the right to appeal the District Court's order.   Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit

Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P.

4(a)(1), should not be filed until entry of the District Court's final

judgment.

     DATED this 20th day of November, 2009.


                    /s/ Keith Strong
                    Keith Strong
                    United States Magistrate Judge